# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

*2008 AUG 15 PM 12: 03*

*CLERK US DISTRICT COURT*
*SOUTHERN DISTRICT OF CALIFORNIA*

In the Matter of the Search of

Seven cellular telephones,
described fully in Attachment A

**APPLICATION AND AFFIDAVIT**
**FOR SEARCH WARRANT**

CASE NUMBER: '08 MJ 2534

I __James Pokryfke__ being duly sworn depose and say:

I am a(n) __Special Agent with the Drug Enforcement Administration__ and have reason to believe
*Official Title*

that ___ on the person of or __X__ on the property or premises known as *(name, description and or location)*

See attachment A

in the Southern District of California, there is now concealed a certain person or property, namely *(describe the person or property to be seized)*

See attachment B

which is *(state one or more bases for search and seizure set forth under Rule 41(b) of the Federal Rules of Criminal Procedure)*

the fruits, instrumentalities and evidence

concerning violations of 21 U.S.C. §§ 846 and 841(a)(1).

The facts to support a finding of Probable Cause are as follows:

    *See attached affidavit and attachments- continued on the attached sheet and made a part hereof.*

_____
Signature of Affiant

Sworn to before me, and subscribed in my presence

Aug. 15, 2008 at 11:40 am. at __San Diego, California__
Date/Time issued

__United States Magistrate Judge__
*Name and Title of Judicial Officer*

_____
Signature of Judicial Officer

## AFFIDAVIT IN SUPPORT OF APPLICATION

I, JAMES POKRYFKE, Special Agent of the Drug Enforcement Administration ("DEA"), having been duly sworn, depose and state as follows:

## INTRODUCTION

1. I am a Special Agent (SA) with the DEA and have been so employed since November 2004. I attended the DEA Academy from November 2004 through March 2005. At the DEA Academy, I was trained in all aspects of conducting criminal investigations with an emphasis in those related to the smuggling of contraband-including drugs-into the United States. This training included methods of investigation related to international and domestic trafficking and money laundering.

2. Prior to being hired as an SA, I obtained a degree in Administration of Justice and worked as a police officer for the Elmhurst Police Department (hereafter EPD) in Elmhurst, Illinois. I was hired by the EPD in September 1995, and was promoted to Detective in December 2003. During the course of my duties with the EPD, I arrested street level drug users and sellers, and became familiar with their mannerisms, jargon, and patterns of activity.

3. I am currently assigned to Enforcement Group 1 (hereafter Group 1) at the San Ysidro Resident Office. Group 1 conducts investigations targeting high echelon drug traffickers with organizations based in Mexico and the United States, which operate throughout the United States.

4. I have participated in many narcotic-related search warrants and found those who participated in the sale of narcotics often use cellular telephones to conduct narcotics transactions, store telephone numbers of suppliers and customers, as well as images of themselves with coconspirators. I have consulted with other law enforcement officers who have searched and found information related to the sale of narcotics contained within cellular telephones.

## ITEMS TO BE SEARCHED (ATTACHMENT A)

5. This affidavit is submitted in support of an application to search seven cellular telephones described as follows:

    a. One yellow and black Nextel cellular telephone, Model I-530, Model number H63XAH5RRSAN, marked for identification as DEA exhibit no. N-37 (AYALA);
    b. One Motorola AT&T Cellular telephone, Serial Number F42GJJQCR7, marked for identification as DEA exhibit no. N-40 (BAUTISTA);
    c. One Motorola AT&T Cellular Telephone, Serial Number G26GJJ385Z, marked for identification as DEA exhibit no. N-41 (GOMEZ-Garcia);
    d. One Black Nokia Cellular Telephone, Model 1600B, IMEI#0107830006982903, marked for identification as DEA exhibit no. N-39 (RINES);

    e. One Black Nokia Cellular Telephone, Model 1600B; IMEI#010784000436623, marked for identification as DEA exhibit no. N-38 (RINES);

    f. One Orange Verizon Cellular Telephone Serial Number 803KLC0760192, marked for identification as DEA exhibit no. N-36 (GOMEZ-Garcia); and

    g. One LG Net 10 Cellular Telephone Serial Number 806CQFT469371, marked for identification as DEA exhibit no. N-35 (PADILLA)

for evidence of violations of Title 21, United States Code, Sections 841(a)(1) and 846. DEA agents found the above-listed cellular telephones on the person whose name is indicated in parenthesis. DEA agents marked the telephones for identification as indicated above. The telephones had been in DEA custody since July 12, 2008, maintained in a secure manner, and therefore remain in the same state they were in when seized. I believe that probable cause exists to believe that evidence of violations of federal criminal law, specifically drug trafficking will be found on the cellular telephones.

## **ITEMS TO BE SEIZED (ATTACHMENT B)**

  6.  The records and items to be seized from the ITEMS TO BE SEARCHED (described in Attachment A) include:

  a.  Electronic telephone books containing names and telephone numbers;

  b.  Electronic history of outgoing, incoming and missed calls including telephone numbers and time, duration, and date of calls;

  c.  Digital appointment books;

  d.  Stored messages to include inbox, outbox, new messages, saved messages both audio and text;

  e.  Stored pictures and animations;

  f.  Voice memos;

  g.  Schedules;

  h.  Notes;

  i.  Email addresses;

  j.  Settings of the cellular telephone including but not limited to the telephone number and subscriber history.

## PROBABLE CAUSE

7.     I have been personally involved in the investigation that is the subject of this affidavit, and I am completely familiar with the facts outlined below. That knowledge comes from my personal participation in this investigation, including interviews with, and my analysis of reports submitted by, other law enforcement agents participating in this investigation.

8.     In 2008, Paul Michael PADILLA and Marlo William RINES contacted Jose Raul AYALA regarding their desire to purchase multiple kilograms of heroin. AYALA contacted William GOMEZ-Garcia who, in turn, contacted Emmanuel BAUTISTA in the Southern District of California to obtain the heroin. BAUTISTA agreed to obtain the heroin from a source of supply for distribution to the buyers.

9.     PADILLA and RINES reside in Oregon. AYALA and GOMEZ reside in the State of Washington. On or about July 11, 2008, AYALA and GOMEZ traveled by airplane from Portland, OR to San Diego, CA to participate in the heroin purchase. GOMEZ rented a car in his own name in San Diego. Also on or about July 11, 2008, PADILLA and RINES traveled by car from Oregon to San Diego. PADILLA and RINES traveled to San Diego in a car belonging to a friend of RINES'. The friend had loaned the car to RINES because he had told her he was going to go hiking in Portland, OR.

10.    On July 12, 2008, BAUTISTA met with his source of supply in a car in a parking lot in San Diego, CA. During that meeting, BAUTISTA and the source of supply negotiated a purchase price for the buyers of $16,000 per kilogram of heroin. PADILLA, RINES, GOMEZ, AYALA and BAUTISTA subsequently met in the parking lot of a nearby McDonald's restaurant. AYALA took a bag from PADILLA's and RINES' car and placed it in AYALA's and GOMEZ' rental car. PADILLA and BAUTISTA traveled across the parking lot to meet with BAUTISTA's source of supply a second time. GOMEZ, RINES and AYALA waited outside the McDonald's restaurant. Agents arrested all five defendants when PADILLA took possession of a bag containing what he believed to be multiple kilograms of heroin.

11.    Subsequent to the arrests of RINES, GOMEZ-Garcia, AYALA, and BAUTISTA, cellular telephones were removed from their persons by GS Juan Martinez, as witnessed by SA Chris Swartz. The specific person from whom each telephone was seized is indicated above in paragraph 5. I caused the telephones to be seized as evidence and to be maintained in the San Ysidro Resident Office evidence storage room, Therefore, the telephones remain in the same state in which they were seized on July 12, 2008..

12.    After finding probable cause to believe they conspired to distribute a controlled substance, on July 23, 2008, a federal grand jury charged RINES, PADILLA, GOMEZ-Garcia, AYALA, and BAUTISTA with conspiracy to distribute heroin.

13. Based upon my experience and training, consultation with other law enforcement officer's experience in drug trafficking investigations, and all the facts and opinions set forth in this affidavit, I know that members of drug trafficking organizations use cellular telephones to store information regarding their narcotics activities. I also know that telephone numbers, contact names, messages, pictures and other digital information are stored in the memory of cellular telephones which may identify other persons involved in drug trafficking activities.

## SUMMARY

14. Based on all of the facts and circumstances described above, I believe that probable cause exists to conclude that Marlo RINES, William GOMEZ-Garcia, Paul PADILLA, Jose AYALA, and Emmanuel BAUTISTA used the seven cellular telephones described more fully above in attachment A to facilitate the offense of conspiracy to distribute heroin. I believe these seven cellular telephones were used to facilitate the offense and store data, which constitutes evidence of a violation of Title 21, United States Code, Sections 841(a)(1) and 846 will be found in the cellular telephones.

15. I believe that probable cause exists to believe that evidence of RINES', GOMEZ-Garcia's, PADILLA's, AYALA's, and BAUTISTA's illegal activity continues to exist in the cellular telephones described in attachment A.

16. Therefore, I respectfully request a warrant be issued authorizing your affiant, a DEA SA, or another DEA SA specially trained in digital evidence recovery, to search the items described in Attachment A, and seize the items listed in Attachment B.

_____
JAMES POKRYFKE
Special Agent
Drug Enforcement Administration

SUBSCRIBED AND SWORN to before me this 15 th day of August, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

4

## ATTACHMENT A

## ITEMS TO BE SEARCHED

This affidavit is submitted in support of an application to search seven cellular telephones described as follows:

a. One yellow and black Nextel cellular telephone, Model I-530, Model number H63XAH5RRSAN, marked for identification as DEA exhibit no. N-37 (AYALA);

b. One Motorola AT&T Cellular telephone, Serial Number F42GJJQCR7, marked for identification as DEA exhibit no. N-40 (BAUTISTA);

c. One Motorola AT&T Cellular Telephone, Serial Number G26GJJ385Z, marked for identification as DEA exhibit no. N-41 (GOMEZ-Garcia);

d. One Black Nokia Cellular Telephone, Model 1600B, IMEI#0107830006982903, marked for identification as DEA exhibit no. N-39 (RINES);

e. One Black Nokia Cellular Telephone, Model 1600B; IMEI#010784000436623, marked for identification as DEA exhibit no. N-38 (RINES);

f. One Orange Verizon Cellular Telephone Serial Number 803KLC0760192, marked for identification as DEA exhibit no. N-36 (GOMEZ-Garcia); and

g. One LG Net 10 Cellular Telephone Serial Number 806CQFT469371, marked for identification as DEA exhibit no. N-35 (PADILLA)

**ATTACHMENT B**

**ITEMS TO BE SEARCHED FOR AND SEIZED**

The records and items to be seized from the ITEMS TO BE SEARCHED (described in Attachment A) include:

a. Electronic telephone books containing names and telephone numbers;

b. Electronic history of outgoing, incoming and missed calls including telephone numbers and time, duration, and date of calls;

c. Digital appointment books;

d. Stored messages to include inbox, outbox, new messages, saved messages both audio and text;

e. Stored pictures and animations;

f. Voice memos;

g. Schedules;

h. Notes;

i. Email addresses;

j. Settings of the cellular telephone including but not limited to the telephone number and subscriber history.